# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:03cv2416 |
| *ex rel.* | : | |
| RJE TELECOM, | : | (Judge Munley) |
|         **Plaintiff** | : | |
| | : | |
|    v. | : | |
| | : | |
| PINNACLE ELECTRONICS; | : | |
| UNITED STATES FIDELITY & | : | |
| GUARANTY; ST. PAUL FIRE & | : | |
| MARINE INSURANCE CO.; | : | |
| TRAVELERS PROPERTY CASUALTY; | : | |
| and XL SURETY, | : | |
|         **Defendants** | : | |
| | : | |
| PINNACLE ELECTRONIC SYSTEMS, | : | |
|         **Third Party Plaintiff** | : | |
| | : | |
|    v. | : | |
| BELL JUSTICE FACILITIES; | : | |
| HOWARD ORGANIZATION INC.; | : | |
| UNITED STATES FIDELITY & | : | |
| GUARANTY; ST. PAUL FIRE & | : | |
| MARINE INSURANCE CO.; | : | |
| TRAVELERS PROPERTY CASUALTY; | : | |
| and XL SURETY, | : | |
|        **Third Party Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the Court for disposition are three motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6): (1) Defendant XL Surety's ("XL") motion to dismiss Count II of Plaintiff RJE Telecom's ("RJE") amended complaint; (2) United States Fidelity and Guaranty ("USF&G") and St. Paul Fire & Marine Insurance Co.'s ("St. Paul") joint motion to dismiss Counts II and IV of Pinnacle Electronic System's ("Pinnacle") Third Party

Complaint; and (3) Bell Justice Facility's ("Bell") motion to dismiss Counts II and III of Pinnacle's Third Party Complaint.  These matters have been fully briefed and are ripe for disposition.  For the following reasons, we will: (1) grant XL's motion in part; 2) grant USF&G and St. Paul's motion to dismiss as to Count II but deny it as to Count IV; and 3) deny Bell's motion in its entirety.

**Background[1]**

The instant suit arises from wire installation work in the construction of a federal penitentiary in Canaan, Pennsylvania.  Bell was the prime contractor for the construction of the penitentiary ("the project").  Bell subcontracted security installations work to Howard Organization, Inc. ("Howard").  Bell subcontracted fiber optic installations to Pinnacle.  Howard subcontracted copper wire installation work to Pinnacle.

On March 7, 2002, Pinnacle subcontracted the communications installations work to RJE, pursuant to its subcontract with Bell.  A significant portion of RJE's duties pursuant to this subcontract was to install fiber-optic cable in an underground duct system constructed by others. On June 19, 2002, RJE and Pinnacle amended the March 7 subcontract by means of Change Order # RJE-001, which expanded RJE's duties to include the installation of copper cable in the duct system.  Pinnacle subcontracted the installation of the copper cable pursuant to its subcontract with Howard, who subcontracted to Pinnacle pursuant to its subcontract with

---

[1] These background facts are derived from RJE's amended complaint and Pinnacle's third party complaint.

Bell. Thus, regarding the fiber-optic cable installation, RJE was a subcontractor to Pinnacle and a second-tier subcontractor to Bell. Regarding the copper cable installation, RJE was a subcontractor to Pinnacle, a second-tier subcontractor to Howard, and third-tier subcontractor to Bell.

As surety on the project, Bell obtained payment bonds from Defendants USF&G and St. Paul. Howard purchased a $9.35 million performance bond from CGU Insurance, whose bond business was thereafter purchased by Defendant XL Surety. Pinnacle procured a labor and materials bond from Reliance Insurance, whose bond business was subsequently purchased by Defendant Travelers Property Casualty ("Travelers").

When RJE began to perform the cable installations in the duct system, it found that the system deviated from Pinnacle's specifications and contractual representations. The deviations caused RJE to incur unanticipated costs in performing its obligations. RJE informed Pinnacle of the difficulties it encountered and the potential damages these difficulties may cause the prison's security system. Additionally, RJE warned Pinnacle that it would not provide any guaranty or warranty for its work and that it would seek an equitable adjustment to the contract. In response, Pinnacle terminated RJE and hired a replacement contractor.

On September 14, 2004, RJE filed an amended complaint[2] advancing the following six

---

[2] RJE filed the original complaint on December 31, 2003. RJE filed an amended complaint following the resolution of various motions to dismiss the original complaint.

counts: 1) breach of contract against Pinnacle; 2) violation of the Miller Act, 40 U.S.C. § 3131 et seq., and payment bond claims against USF&G, St. Paul, Travelers, and XL; 3) unjust enrichment/quantum meruit against Pinnacle; 4) breach of good faith and fair dealing against Pinnacle; 5) violation of the Pennsylvania Contractor and Subcontractor Payment Act, 73 PA. CONS. STAT. ANN. §§ 501 et seq. and/or the Federal Prompt Pay Act, 31 U.S.C.A. § 3902 et. seq. against Pinnacle; and 6) negligent misrepresentation against Pinnacle.

On November 19, 2004, Pinnacle filed an amended third party complaint[3] asserting the following four claims: 1) breach of contract against Bell and Howard; 2) common law indemnity against Bell, Howard, USF&G, St. Paul, and XL; 3) negligent misrepresentation against Bell and Howard; and 4) Miller Act claims against USF&G, St. Paul, Travelers, and XL.

Presently, XL seeks to dismiss Count II of RJE's complaint, USF&G and St. Paul seek to dismiss Counts II and IV of Pinnacle's third party complaint, and Bell seeks to dismiss counts II and III of Pinnacle's third party complaint.

**Jurisdiction**

Since a federal question is before the court under 40 U.S.C. §§ 3131 et seq. and 31 U.S.C. §§ 3902 et seq., this court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.[4] This court also has supplemental jurisdiction over the plaintiff's claims that arise under

---

[3] Pinnacle filed the original third party complaint on September 30, 2004.

[4] Pursuant to 28 U.S.C. § 1331, this court has jurisdiction over questions of federal law.

4

state law, pursuant to 28 U.S.C. § 1367(a), as these claims are "part of the same case or controversy" as the plaintiff's federal claims.

**Standard**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Presently before the court are one motion to dismiss a portion of RJE's complaint, and two motions to dismiss portions of Pinnacle's third party complaint. In the interests of clarity, we will address the two pleadings separately.

**RJE's Amended Complaint**

In Count II of its amended complaint, RJE seeks to recover under a payment bond that XL issued to Howard. RJE alleges that it provided labor and material pursuant to a subcontract with Pinnacle, which were used and required for Pinnacle's performance of its subcontract with Howard. Thus, RJE seeks to recover under the labor and materials bond issued by XL to Howard.

XL argues that RJE cannot recover under the bond as a matter of law because the bond

5

expressly limits the claimants to those with a direct contract with Howard. "A claimant is defined as one having a direct contract with the Principal for Labor, material, or both, used or reasonably required for use in the purchase of the contract." (Doc. 67, RJE Amend. Compl. Ex. C). RJE does not allege that it had a direct contract with Howard, and therefore it has no claim under the payment bond.

RJE does not contest that it is a proper claimant under the bond, but rather argues that it may assert a "pass-through" claim, and thus recover through Howard, who is a proper claimant under the bond. A pass-through claim, according to RJE, is a claim brought "(1) by a party who has suffered damages; (2) against a responsible party with whom it has no contract; and (3) presented through an intervening party who has a contractual relationship with both." 3 BRUNER & O'CONNOR ON CONSTRUCTION LAW § 8:51 (2003). Thus, RJE argues, that because Pinnacle has a direct contract with Howard, and Howard can recover under the bond, RJE's contract with Pinnacle allows it to "pass-through" Pinnacle and recover under the bond.

RJE has failed to cite to a single case recognizing a pass-through claim in this context and allowing a non-party, non-third party beneficiary to recover under a contract. Our research uncovers no such case, and we find that a "pass-through" claim as asserted in this context by RJE does not exist as a matter of law.

"[A] surety is obligated only to the extent provided in the agreement of suretyship." Lezzer Cash & Carry, Inc. v. Aetna Ins. Co., 537 A.2d 857, 861 (1988). Thus, where the surety bond guarantees performance by the principal solely, a party may not recover against the surety

unless it may recover from the principle. <u>Knecht, Inc. v. United Pacific Ins. Co.</u>, 860 F.2d 74, 79 (3d Cir. 1988). As RJE has no contract with Howard, nor is a third party beneficiary of a Howard contract, it has no contract claim against Howard. Without a contract claim against Howard, RJE cannot recover upon the surety's guarantee of Howard's contractual performance. <u>Id.</u> The surety agreement promises solely to guarantee Howard's performance to those with a direct contract with Howard. As RJE has no such direct contract, it cannot recover under the surety agreement.

The construction treatise cited by RJE in support of its pass-through theory, indeed the only authority cited in support of this theory, supports our holding. The treatise notes that pass-through claims require an agreement between the subcontractor asserting the claim and the conduit party that the latter will act as a conduit for the claims of the subcontractor. 3 BRUNER & O'CONNOR ON CONSTRUCTION LAW § 8:51 (2004). RJE does not allege that it entered into such an agreement with Pinnacle. Therefore, we find that the "pass-through" theory as articulated by RJE does not present a cognizable claim as a matter of law. Accordingly, we will dismiss the payment bond claim portion of Count II against XL.[5]

**Pinnacle's Third Party Complaint**

---

[5] Count II advances both a payment bond claim and a Miller Act claim. As Pinnacle has not addressed the Miller Act and has argued solely that RJE cannot recover under the payment bond, we will deny the motion to dismiss to the extent that it relates to the Miller Act. The Miller Act provides a claim against a contractor's surety for entities having a direct relationship with a subcontractor, even if they do not have a direct contractual relationship with the contractor furnishing the payment bond. 40 U.S.C. § 3133(b)(2).

USF&G, St. Paul, and Bell have all moved to dismiss Pinnacle's common law indemnity claim in Count II. Bell has moved to dismiss Count III, negligent misrepresentation; and USF&G and St. Paul have moved to dismiss the Count IV Miller Act claims. We will discuss each count separately.

### Count II/Common Law Indemnity

Pinnacle alleges that to the extent that it is liable to RJE for defects in the duct bank system, then Bell and its sureties, USF&G and St. Paul, are required to indemnify Pinnacle for such liability. (Pinnacle Third Party Complaint ¶ 24). Pinnacle alleges that Bell and/or Howard were responsible for the installation of the ducts. (Id. at ¶ 16). USF&G, St. Paul, and Bell all argue that RJE's common law indemnity claim fails to state a cause of action. For the following reasons, we agree with USF&G and St. Paul, but find that RJE states a cause of action against Bell.

"[U]nder Pennsylvania law, indemnity is available only (1) 'where there is an express contract to indemnify,' or (2) where the party seeking indemnity is vicariously liable or secondarily liable for the indemnitor's acts." Allegheny General Hospital v. Phillip Morris, Inc., 228 F.3d 429, 448 (3d Cir. 2000) (citations omitted). Pinnacle does not argue that USF&G, St. Paul, or Bell entered into an express contract to indemnify it. Instead, it argues that it was secondarily liable for Bell's acts, and thus is entitled to indemnity.

> Secondary liability exists, for example, where there is a relation of employer and employee, or principal and agent; if a tort is committed by the employee or the agent recovery may be had against the principal on the theory of respondeat superior, but the person primarily liable is the employee or agent

8

>who committed the tort, and the employer or principle may recover
>indemnity from him for the damages which he has been obliged to pay.

Builders Supply Co. v. McCabe, 77 A.2d 368, 370 (Pa. 1951).

Taking the factual allegations in Pinnacle's Third Party Complaint as true, as well as resolving all reasonable inferences in its favor, we find that Pinnacle has stated a claim for common law indemnity against Bell. Pinnacle alleges that it may be held liable to RJE based on the condition of the ducts, and Bell was responsible for the condition. It further alleges that it made no representations, contractual or otherwise, to RJE regarding the ducts. Thus, RJE contends that it has secondary liability because it can be held liable solely based on the conduct of Bell. "[T]he important point to be noted in all the [common law liability] cases is that secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal relation between the parties, or . . . because of a failure to discover or correct a defect . . . caused by the act of the one primarily responsible." Id. at 371. Pinnacle alleges that it may be held liable solely for its failure to correct a defect caused by Bell, who was primarily liable. Thus, we find that dismissal of Pinnacle's common law indemnity claim against Bell is premature at this stage of litigation, and we will deny Bell's motion to dismiss Count II.

Pinnacle, however, has failed to state a common law indemnity claim against USF&G or St. Paul because it does not argue that USF&G or St. Paul is primarily liable for any recovery RJE may have. Pinnacle does not allege that USF&G or St. Paul was responsible for the condition of the ducts. Indeed, they participated in the project solely as surety companies.

9

Nor does Pinnacle contend that USF&G or St. Paul entered into a contractual agreement to indemnify. A court cannot impose obligations under a surety bond that are not contained in the terms of the bond. Wise Investments, Inc. v. Bracy Contracting, Inc., 232 F. Supp. 2d 390, 399 (E.D. Pa 2002). "[A] surety is obligated only to the extent provided in the agreement of suretyship." Lezzer Cash & Carry, Inc. v. Aetna Ins. Co., 537 A.2d 857, 861 (1988). Thus, Pinnacle fails to allege any connection or relationship with USF&G or St. Paul that would give rise to a duty to indemnify, and we will dismiss Count II against USF&G and St. Paul.

**Count III/Negligent Misrepresentation**

Bell seeks to dismiss Pinnacle's negligent misrepresentation claim, arguing that Pinnacle failed to allege that Bell made any specific misrepresentations. A third party complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The purpose of this requirement is "to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Claims of fraud are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9, but negligent misrepresentation claims are not subject to the heightened pleading requirements of Rule 9. Floyd v. Brown & Williamson Tobacco Corp., 159 F. Supp. 2d 823, 835 (E.D. Pa. 2001).

Pinnacle alleges that Bell made misrepresentations regarding the conditions of the ducts on a specific construction project. Thus, we find that Pinnacle's negligent misrepresentation allegations are sufficient to place Bell on notice of the conduct for which

Pinnacle seeks recovery.  Accordingly, we will deny Bell's motion to dismiss Pinnacle's negligent misrepresentation claim.

**Count IV/Miller Act**

USF&G and St. Paul move to dismiss Pinnacle's Miller Act claim for failure to comply with the statute of limitations.  The Miller Act provides that claims must be brought within "one year after the day on which the last of the labor was performed or material was supplied by him."  40 U.S.C. § 3133(b)(4).  In analyzing the complaint, we must make all reasonable inferences in favor of the plaintiff.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  A district court should grant a motion to dismiss for failure to satisfy the statute of limitation solely if the "complaint facially shows non-compliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). Nothing in the pleading suggests that the last day that Pinnacle supplied materials or performed labor was more than a year before the pleading.  Therefore, we cannot dismiss the pleading based on the statute of limitations.

Thus, we will dismiss the portion of Count II of RJE's complaint that asserts a payment bond claim against XL, and we will dismiss the portion of Count II of Pinnacle's third party complaint against USF&G and St. Paul.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 3:03cv2416 |
| *ex rel.* | : | |
| **RJE TELECOM,** | : | (Judge Munley) |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PINNACLE ELECTRONICS;** | : | |
| **UNITED STATES FIDELITY &** | : | |
| **GUARANTY; ST. PAUL FIRE &** | : | |
| **MARINE INSURANCE CO.;** | : | |
| **TRAVELERS PROPERTY CASUALTY;** | : | |
| **and XL SURETY,** | : | |
| **Defendants** | : | |
| | : | |
| **PINNACLE ELECTRONIC SYSTEMS,** | : | |
| **Third Party Plaintiff** | : | |
| | : | |
| **v.** | : | |
| **BELL JUSTICE FACILITIES;** | : | |
| **HOWARD ORGANIZATION INC.;** | : | |
| **UNITED STATES FIDELITY &** | : | |
| **GUARANTY; ST. PAUL FIRE &** | : | |
| **MARINE INSURANCE CO.;** | : | |
| **TRAVELERS PROPERTY CASUALTY;** | : | |
| **and XL SURETY,** | : | |
| **Third Party Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 15th day of June 2005, it is hereby **ORDERED** that:

1) Defendant XL Surety Co.'s motion to dismiss Count II of Plaintiff RJE Telecom's complaint (Doc. 54) is **GRANTED** in part. To the extent that the motion seeks to dismiss RJE's payment bond claim, the motion is **GRANTED**. To the extent that the motion seeks to dismiss RJE's Miller Act claim, the motion is **DENIED**.

12

2)       Third Party Defendants United States Fidelity & Guaranty and St. Paul Fire & Marine Insurance Company's joint motion to dismiss Counts II and IV of Third Party Plaintiff Pinnacle's Third Party Complaint (Doc. 77) is hereby **GRANTED** as to Count II, but **DENIED** as to Count IV.

3)       Third Party Defendant Bell Justice Facility's motion to dismiss (Doc. 75) is **DENIED**.

                                    **BY THE COURT:**

                                    **s/ James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**